### AMASA S. FOSTER *v.* PETER POILLON, JR.

The complaint, in an action under the mechanics' lien law, should aver facts, showing the statutory proceedings on the part of the claimant to create a lien, as well as the performance of the labor or the furnishing of the materials for which the claim is made.

Where it is limited to the ordinary form of a complaint for work and labor, it may be set aside, on motion, for irregularity.

SPECIAL TERM, FEBRUARY, 1855.

Before DALY, J.

THE plaintiff in this action, having performed labor and furnished materials in the erection of a building, " by virtue of a contract with the owner thereof," filed with the county clerk a notice to effect a lien, pursuant to the sixth section of the act of 1851, " for the better security of mechanics and others," and served notice on the defendant, who was the owner of the premises, to appear and submit to an accounting, as provided in the fourth section of that statute.

The parties having appeared, an order to join issue was regularly entered, and the plaintiff afterwards served a copy of his complaint, alleging the performance of the labor and the furnishing of the materials, with the value thereof and the defendant's indebtedness thereupon.  It contained no averment respecting and no reference to the proceedings to acquire or to enforce the alleged lien.

The defendant moved to set aside the complaint for irregularity.  The notice of lien and the notice to appear and account, were produced upon the motion.

*George G. Bellows*, for the defendant.  As the complaint is regular upon its face, we could not demur.  We therefore move to set it aside.  The notice is equivalent to a summons; and according to the former practice, if the complaint did not agree with the summons, it would be set aside.  Here the summons or notice is for the foreclosure of a lien; but the complaint makes no reference to any lien.

Foster *v*. Poillon.

*William H. Meeks* and *Alfred Waite*, for the plaintiff. We are not bound to state in the complaint that proceedings have been instituted to enforce a lien, but may declare for work and labor generally. The contract upon which the plaintiff claims was made directly with the owner.

DALY, J.—The plaintiff is required to show that he has a claim against the owner. If the plaintiff made no contract with the owner, it must appear that the plaintiff made an agreement with a person who has contracted with the owner to erect the building, and that the work and materials done and furnished conformed to the original contract with the owner, otherwise there is no lien and no cause of action, under the statute, against the owner.

"Issue shall be joined," in the language of the statute, "upon the claims made," (§ 8,) to wit, the claims made in the notice to appear and submit to an accounting.

In this case, the plaintiff claims, by virtue of his contract, to enforce a lien upon the building. The peculiar nature of that claim should appear in the complaint. This is essential to the judgment which he seeks, or rather to the right claimed by him to enforce his lien by execution against the specific building.

Motion granted, with leave to the plaintiff to amend.